**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORTH WAYNE DIVISION**

| | |
|---|---|
| DONALD P. WIES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 14 cv 187-RLM-RBC |
| ) | |
| CAVALRY SPV I, LLC and WRIGHT, LERCH ) | |
| & LITOW, LLP, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Cavalry SPV I, LLC ("Cavalry") and Wright, Lerch & Litow, LLP ("Wright") (collectively, "Defendants"), by counsel, respectfully submit this brief in support of their Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.   INTRODUCTION

On June 13, 2014, Plaintiff filed suit alleging violations the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.,* based on Defendants' prosecution of a collection lawsuit in the Noble Superior Court, case no. 57D01-1301-CC-02 ("Collection Litigation"). (Compl. Dkt. # 1.) Plaintiff did not dispute the accuracy or the validity of the debt nor did he allege that the Collection Lawsuit contained any actually false or misleading statements. Rather, Plaintiff contended that his original creditor, Bank of America/FIA Card Services, N.A. ("BOA"), waived interest on his account post-charge off and, as a result, Cavalry was not authorized to collect it. Because it was clear from the face of the initial complaint that Plaintiff's claims were time-barred, on July 30, 2014, Defendants filed their motion seeking a dismissal of this action.

Instead of responding to the motion, Plaintiff filed a First Amended Complaint ("Amended Complaint"). The Amended Complaint, however, suffers from the same fatal deficiencies as the initial complaint. Plaintiff's claims continue to be based on the alleged conduct—i.e., that Defendants' attempted to collect the allegedly waived interest—that occurred more than 17 months before the initiation of this action. Plaintiff expressly admits that he knew, or was on notice, at least as of January 23, 2013, of Defendants' demand for the payment of that allegedly waived interest. And yet, he did not file the complaint until June 13, 2014, more than 17 months later.

## II.   PLAINTIFF'S ALLEGATIONS

As in the initial complaint, Plaintiff centers his allegations in the Amended Complaint on Defendants' prosecution of the Collection Lawsuit. In an attempt to "bolster" his claims, however, Plaintiff asserts allegations that conclusively show that he knew, or was on notice, at least as of January 23, 2013, of Defendants' demand for payment of the allegedly waived interest. (Amd. Compl. ¶¶ 8-19.) Specifically, Plaintiff alleges that Defendants filed the complaint in the Collection Lawsuit on January 2, 2013, in which they "averred … that there was an account balance of $13628.58, which included 'post charge off interest in the amount of $5333.10 at the rate of 24.9900% per annum from 03/31/2010'"—interest that Plaintiff alleges was waived by BOA at charge-off. (Amd. Compl. ¶¶ 8, 11) (A true and correct copy of Defendants' Collection Lawsuit complaint[1] is attached Exhibit A.) The Collection Litigation record indisputably shows that Plaintiff appeared and answered the complaint on January 23, 2013. (A true and correct copy of Plaintiff's answer is attached as Exhibit B.)

In an attempt to avoid the statute of limitations, Plaintiff alleges that on May 13, 2014, Defendants filed a motion for summary judgment in violation of the FDCPA. (Amd. Compl. ¶ 12.) And yet Plaintiff admits that Defendants asserted the identical facts and sought the same relief in that motion as in the Collection Lawsuit complaint—i.e., "that there was an account balance of $13628.58, which included 'post charge off interest in the amount of $5333.10 at the rate of 24.9900$ from 03/31/2010.'" (Amd. Compl. ¶¶ 12, 15.)

---

[1] The Court may take judicial notice of the pleadings filed in the Collection Litigation. *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081-82 (7th Cir. 1997) (recognizing that proceedings in other courts, both inside and outside the federal system may be judicially noticed); *Hanson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (holding that the district court may take judicial notice of matter of public record).

2

Further, Plaintiff alleges that Defendants' assertion in their motion for summary judgment filed in the Collection Lawsuit that "[Plaintiff] has not set forth facts contrary to [Cavalry's] evidence" was an independent act in violation of the FDCPA. (Amd. Compl. ¶ 17.) On that basis, Plaintiff seems to contend that because the statement was made on May 13, 2014, his FDCPA claims asserted for the first time on June 13, 2014, are not time-barred. As set forth below, however, the Court should dismiss the Amended Complaint for the very simple reason that the statute of limitations on any alleged violation has expired.

### III.     ARGUMENT

According to Plaintiff, Defendants violated the FDCPA by "falsely representing the character, amount or legal status of a debt," "using a false, deceptive or misleading means in connection with the collection of a debt," and "using an unfair and unconscionable means to collect debt" by attempting to collect "interest on the [d]ebt for a period of time the original creditor had already waived" and "filing the motion for summary judgment and serving it on Plaintiff." (Amd. Compl. ¶ 21.) Each of these claims fail as a matter of law because they are barred by the one-year statute of limitation.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). A claim has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S. Ct. at 1949. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. It requires allegations that "plausibly suggest that the plaintiff has a right to relief, raising that

possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC v. Concentra Health Servs, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). While a statute of limitation is an affirmative defense and plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defense, the complaint is subject to dismissal for failure to state a claim when the allegations reveal that relief is barred by the applicable statute of limitations. *Logan v. Wilkins*, 644, F.3d 577, 582 (7th Cir. 2011); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

The FDCPA provides that an action to enforce liability under the statute "may be brought ... within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The statute does not specifically define the date on which the claim accrues; and the Seventh Circuit has not decided when the FDCPA statute of limitations begins to run. *See Judy v. Blatt, Hasenmiller, Leibsker and Moore LLC*, 2010 WL 431484, at * 3 (N.D. Ill. Jan. 29, 2010). However, where an FDCPA claim arises from a debt collection suit—as here— courts have held that the statute of limitation begins to run either from the day the complaint is filed or the day the plaintiff is served with a copy of the complaint. *See Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997); *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002). Courts have reasoned that the filing date or date of service serves as the accrual date for the statute of limitations because it puts a FDCPA plaintiff on notice of the alleged violation. *See Calka v. Kucker, Kraus & Bruh, LLP*, 1998 WL 437151, at *3 (S.D.N.Y. Aug. 3, 1998) (plaintiff was "on notice of the misrepresentation and unconscionable debt collection means when the [s]tate [a]ction was filed, and it was at that time that the violation accrued"); *Prade v. Jackson & Kelly*, 941 F. Supp. 596, 600 (N.D.W.Va. 1996) (court

4

may presume that plaintiff is aware of a potential FDCPA violation when plaintiff is served and first becomes aware of the state court action).

Here, Plaintiff's allegations and the record properly before the Court clearly show that Plaintiff had notice of Cavalry's demand for payment of interest at the contractual rate of 24.99% on January 2, 2013, when the state collection case was filed, and certainly no later than January 23, 2013, when he answered the complaint. (Exs. A, B.) In fact, Plaintiff unequivocally admits that Defendants initiated the Collection Litigation on January 2, 2013, in which it expressly demanded the payment of the "post charge off interest in the amount of $5333.10 at the rate of 24.9900% per annum from 03/31/2010." (Amd. Compl. ¶ 11.) The record clearly shows that Plaintiff had notice of Cavalry's demand no later than when he answered the Collection Lawsuit complaint on January 23, 2013. (Ex. B.) Plaintiff, however, did not assert his FDCPA claims until June 13, 2014—more than 17 months after his alleged claims accrued and more than five months after his claims expired. (Dkt. # 1.) Therefore, Plaintiff's claims are undisputedly outside the one-year statute of limitations and, as a result, time-barred.

In an attempt to avoid the application of the statute of limitations here, Plaintiff predicates his FDCPA claims on Defendants' filing of the summary judgment motion and their statement in that motion that he "has not set forth facts contrary to [Cavalry's] evidence." (Amd. Compl. ¶ 12.) Apparently, Plaintiff suggests that the filing of that motion and accurately describing the nature of evidence in the Collection Lawsuit should be considered a distinct event from the filing of the collection complaint itself that triggers a new statute of limitation. (Amd. Compl. ¶ 17.) However, Defendants' activities in the course of prosecuting the Collection Litigation are not, and cannot, be considered discrete debt

5

collection activities sufficient to restart the statute of limitations. *See Jones v. U.S. Bank N.A.*, 2011 WL 814901, at *5 (N.D.Ill. Feb. 25, 2011) ("continuing to prosecute the foreclosure case is not itself a discrete debt collection activity sufficient to toll or restart the statute of limitations"); *Simard v. LVNV Funding, LLC*, 2011 WL 4543956, at *4 (D.Mass. Sept. 9, 2011) ("a default judgment in debt collection suit does not constitute a FDCPA violation if it is determined that the plaintiff was already aware of the state court action"); *Calka*, 1998 WL 437151, at *3 (dismissing plaintiff's FDCPA claims as time-barred because defendants' filing of a motion for summary judgment did not create a new FDCPA violation distinct from the initial filing of the lawsuit). Likewise, the filing of the motion for summary judgment does not, and cannot, constitute a "continuing violation" tolling the statute of limitation period. This is because the statute of limitations begins to run upon injury "and is not tolled by subsequent injuries." *See Limestone Dev. Corp. v. Vill. Of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2007).

Here, the crux of Plaintiff's claim is that Defendants sought to collect interest at the contractual rate of 24.99% that was allegedly "waived" by BOA. (Amd. Compl. ¶ 11.) Defendants initially made that request in the Collection Litigation complaint and then almost 16 months later made the identical request in the summary judgment motion. (Amd. Compl. ¶¶11, 15; Ex. A.) Therefore, even assuming that Defendants' conduct constituted a violation of the FDCPA (which it did not), such violation was complete upon the filing of the complaint, and certainly no later than at the filing of Plaintiff's answer in January 2013. (Exs. A, B.) Plaintiff was on notice of the alleged representations 17 months before he filed his federal FDCPA case. As a result, Defendants' filing of the motion for summary judgment, including the statement in the motion that Plaintiff "has not set forth

facts contrary to [Cavalry's] evidence," does not, and cannot, toll the statute of limitations. In other words, because Defendants' alleged conduct—i.e., that they filed the motion and made the statement in the motion about the evidence in the case—is not an act independent of Defendants' filing of the Collection Lawsuit, Plaintiff's claims must be dismissed as time-barred. *See Nutter v. Messerelli & Kramer, P.A.*, 500 F. Supp. 2d 1219, 1223 (D.Minn. 2007) (holding that a new communications that concern an old claim is subject to the statute of limitations for the old claim); *Ball v. Ocwen Loan Servicing, LLC*, 2012 WL 1745479, at *4 (N.D.Ohio, May 16, 2012) ("maintaining lawsuit is not 'continuing violation' tolling the limitations period"); *Judy*, 2010 WL 431484, at *4 (the continuing violation doctrine did not toll the limitations period for plaintiff's FDCPA claims because "the violations that began at the inception of the lawsuit"); *Simard*, 2011 WL 4543956, at* 5 ("communications considered to be part of the course of litigation are not viewed as separate or continuing violations for the FDCPA and, therefore, do not trigger a new accrual date for the statute of limitations").

Thus, the Court should grant Defendants' Motion and dismiss Plaintiff's Amended Complaint with prejudice.

### IV. CONCLUSION

For the reasons state above, Defendants Cavalry SPV I, LLC and Wright, Lerch & Litow, LLP request that this Court enter an order dismissing Plaintiff's First Amended Complaint with prejudice and for any other relief the Court deems just and appropriate.

Dated: September 2, 2014.                    Respectfully submitted,

                                             CAVALRY SPV I, LLC and
                                             WRIGHT, LERCH & LITOW, LLP

                                        By:  /s/ Sulejman F. Dizdarevic
                                             One of its attorneys

Anna-Katrina S. Christakis
Sulejman F. Dizdarevic
PILGRIM CHRISTAKIS LLP
53 West Jackson Boulevard, Suite 1515
Chicago, Illinois 60604
Ph. (312) 361-3457
Fax (312) 939-0983

**CERTIFICATE OF SERVICE**

      Sulejman F. Dizdarevic, an attorney, certifies that on September 2, 2014, he electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Robert E. Duff
Indiana Consumer Law Group
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, Indiana 46037
robert@robertdufflaw.com

                                      /s/ Sulejman F. Dizdarevic

4815-2691-4333, v. 1