UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONALD WIES, JR., ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | CIVIL NO. 1:14-CV-187 RLM |
| ) | |
| CAVALRY SPV I, L.L.C. and ) | |
| WRIGHT, LERCH & LITOW, L.L.P., ) | |
| ) | |
| *Defendants* ) | |

OPINION AND ORDER

Donald Wies, Jr. brought suit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e) and (f), alleging that Cavalry SPV I, LLC and Wright, Lerch & Litow, LLP violated the Act when they filed a summary judgment motion in a state court collection action seeking to recover post charge off interest that was allegedly waived by the original creditor. The defendants' motion to dismiss Mr. Wies's amended complaint under FED. R. CIV. P. 12(b)(6) is before the court. For the following reasons, the court GRANTS the motion and VACATES the telephonic scheduling conference set for February 11, 2015.

A court considering a Rule 12(b)(6) motion to dismiss construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). But FED. R. CIV. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 570); *see also* Morrison v. YTB Int'l, Inc., 649 F.3d 533, 538 (7th Cir. 2011); Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 556). *See also* Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010)("the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.").

The court accepts the following factual allegations in the amended complaint as true for purposes of this motion. On March 31, 2010, Bank of America/FIA Card Services, N.A. charged off a debt Mr. Wies owed it and waived any interest from that point forward. Cavalry purchased the debt in November 2011, and, with the assistance of counsel (Wright, Lerch & Litow) filed a collection action in Noble County Superior Court on January 2, 2013 seeking to recover the outstanding balance on the debt, "plus interest and court costs." Attached to the complaint was an affidavit from Ms. Stephanie Cappelli, dated November 7, 2012, attesting that there was an account balance of $13,628.58, which included "post

2

charge off interest in the amount of $5333.10 at the rate of 24.9900% per annum from 03/31/2010."

Cavalry moved for for summary judgment in the state collection action on May 13, 2014, and submitted Ms. Cappelli's November 2012 affidavit and a memorandum in support of its motion, in which it stated that: (1) "The affidavit of Plaintiff contains an accurate statement as to the balance owed to the Plaintiff", and (2) "The Defendant [Mr. Wies] has not set forth facts contrary to the Plaintiff's evidence." (Amd. Cmplt. ¶ 16-17). The motion and supporting documentation were served on Mr. Wies personally.

Mr. Wies alleges that the defendants violated 15 U.S.C. §§ 1692e and 1692f when they: (1) filed and served the motion for summary judgment and supporting documentation attempting to collect the waived interest, and (2) "stat[ed] in the Memorandum of Law In Support of [their] Motion for Summary Judgment . . . that 'The Defendant has not set forth facts contrary to the Plaintiff's evidence' even though Defendant had no obligation or even opportunity as of that time to do so." (Amd. Cmplt. ¶ 21).

The defendants maintain that Mr. Wies's FDCPA claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because they're barred by the applicable statute of limitations, which provides that an FDCPA claim must be brought "within one year from the date on which the violation occurs," 15 U.S.C. § 1692k(d). They contend that the clock began to run when the collection action

3

was filed on January 2, 2013 (or, at the very latest, when Mr. Wies appeared and answered the complaint on January 23, 2013); that the filing of the summary judgment motion and supporting documentation don't constitute new or continuing violations and don't restart or toll the statute of limitations; and that Mr. Wies's FDCPA complaint is time-barred because it wasn't filed until June 13, 2014 – more than 17 months after the claims accrued.

Mr. Wies says the filing and service of the summary judgment motion and supporting documentation were "new, discrete violations of the FDCA that started the running of the statute of limitations[,]" and that even if the statute began to run when the collection action was filed, "Defendants made a new misrepresentation in their memorandum of law in support of the motion for summary judgment when they stated: "[t]he Defendant has not set forth facts contrary to the Plaintiff's evidence." Mr. Wies opines that: "This separate claim could not be barred by the statute of limitations since it was not made in the state court complaint."

Dismissing a complaint as untimely based on a Rule 12(b)(6) motion "is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." Cancer Found., Inc. v. Cerberus Capital Mgmt., LP, 559 F.3d 671, 674 (7th Cir.2009); *accord* Xechem, Inc. v. Bristol–Myers Squibb Co., 372 F.3d 899, 901 (7th Cir.2004); Clark v. City of Braidwood, 318 F.3d 764, 767 (7th Cir.2003). A complaint can be dismissed as

untimely at the pleadings stage only when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness. *See, e.g.*, Xechem, Inc. v. Bristol–Myers Squibb Co., 372 F.3d at 901.

In determining when an FDCPA violation occurred, the court looks to "the specific violations alleged." Jones v. U.S. Bank Nat. Ass'n, No. 10 C 0008, 2011 WL 814901, at *3 (N.D. Ill. Feb 25, 2011) (citing 15 U.S.C. § 1692k(d)). When, as here, the alleged violation — defendants' attempt to collect interest that was waived by the original creditor — arises out of a collections lawsuit, the statute of limitations begins to run when the collection action is filed or, at the latest, when the complaint and summons are served. *See* Serna v. Law Office of Joseph Onwuteaka, P.C., 732 F.3d 440, 446 (5th Cir.2013) (limitations period begins upon service of process); Johnson v. Riddle, 305 F.3d 1107, 1113 (10th Cir.2002) (same); Naas v. Stolman, 130 F.3d 892, 893 (9th Cir.1997) (limitations period begins upon "filing of the complaint"); Lockhart v. HSBC Financial Corp., No. 13 C 9323, 2014 WL 3811002, at *9-10 (N.D. Ill. Aug. 1, 2014); Judy v. Blatt, Hasenmiller, Leibsker & Moore, LLC, No. 09 C 1226, 2010 WL 431484, at *3 (N.D.Ill. Jan. 29, 2010).

The amended complaint specifies that the underlying state collection action was filed more than one year before Mr. Wies filed his FDCPA lawsuit. To the extent he contends that the motion for summary judgment and supporting documentation were new and distinct violations and that the statute of limitation

didn't begin to run until they were filed and served in May 2014, his argument in unsupported and unavailing. Mr. Wies cites no relevant authority to support the proposition that each proceeding in the state collection action amounted to a new FDCPA violation. Continuing to prosecute a collection action isn't a discrete debt collection activity sufficient to toll or restart the statute of limitations. *See* Baker v. Midland Funding, LLC, 2014 WL 345686, at *2 (N.D. Ill. Jan. 30, 2014); Jones v. U.S. Bank Nat'l Ass'n, 2011 WL 814901, at *2-3 (N.D. Ill. Feb. 25, 2011); Judy v. Blatt, Hasenmiller, Leibsker & Moore LLC, 2010 WL 431484, at *4 (N.D.Ill. Jan.29, 2010); Woods v. Wells Fargo Fin. Bank, 2010 WL 4629905, at *3 (S.D.Ind. Nov.4, 2010); Calka v. Kucker, Kraus & Bruh, LLP, No. 98 Civ. 0990(RWS), 1998 WL 437151, at *3 (S.D.N.Y. Aug.3, 1998).

It's evident from the facts alleged in Mr. Wies's amended complaint that he was on notice of the alleged FDCPA violation when the state collection action was filed and/or served in January 2013. That is then the violation accrued. The complaint was filed on June 13, 2014, more than one year after the violation.

Accordingly, the one-year period of limitations in 15 U.S.C. § 1692k(d) bars Mr. Wies's FDCPA claims against the defendants. The defendants' motion to dismiss the complaint [Doc. No. 16] is GRANTED; and the February 11, 2015 scheduling conference is VACATED.

SO ORDERED.

ENTERED:   February 11, 2015

/s/ Robert L. Miller, Jr.
Judge
United States District Court